OF COUNSEL:
LEVIN EDUCATION ACCESS PROJECT

SUSAN K. DORSEY          7431-0
400 Davis Levin Livingston Place
851 Fort Street
Honolulu, Hawaii  96813
Telephone:  (808) 779-7104
Facsimile:   (808) 237-5347

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| In the Matter Of | CIVIL NO. 16-435 (Other Civil Action) |
|---|---|
| RIA L., by and through her Mother, RITA L., | COMPLAINT; EXHIBIT "A" |
| Plaintiffs, | |
| vs. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | |
| Defendants. | |

## COMPLAINT

COMES NOW RIA L., by and through her Mother, RITA L., and allege as follows:

1. This action is a complaint presented pursuant to 20 U.S.C. Section 1415(i)(2).

2. RIA L. and RITA L. are persons aggrieved by the Administrative "Order Granting Respondent's Re-opened Motion for Summary Judgment, Or in the Alternative To Dismiss" dated July 8, 2016 (hereinafter referred to as "Decision") rendered in administrative proceedings conducted pursuant to the requirements of 20 U.S.C. Section 1415(f) and Chapter 60 of the Hawaii Administrative Rules ("HAR").  A copy of the Decision is attached hereto as Exhibit "A".

3. This Court has jurisdiction over this case under 28 U.S.C. §1343 and §1331.

4. The events giving rise to this action occurred in the State of Hawaii, and all of the parties are subject to the jurisdiction of this Court.  Therefore, venue is appropriate.

## PARTIES

5. Plaintiff RITA L. is a residents of the State of Hawaii.  She is the legal parent and Guardian of RIA L.

6. RIA L., is a resident of the State of Hawaii,

7. RIA L., has been classified as a child with a learning disability.  At all times relevant to this action, he has been certified as eligible for special education

in the State of Hawaii. RIA is entitled to a free appropriate public education ("FAPE") under the IDEA and under Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. Section 794.

8. Defendant DEPARTMENT OF EDUCATION ("DOE"), STATE OF HAWAII ("Defendant") is the department or agency of the State of Hawaii responsible for compliance with the IDEA, 20 U.S.C. Section 1401 *et. seq.* and was the Respondent in the administrative proceedings described below.

## **FACTS**

9. Pursuant to 20 U.S.C. Section 1415(i)(2), any party aggrieved by the Decision filed on February 27, 2014, pursuant to 20 U.S.C. §§1415(f) & (i) shall have the right to bring a civil action with respect to the Complaint presented pursuant to §1415. This action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

10. This case is a continuation of appeals filed by Defendant following two administrative hearings. *See DOE v. Ria L., et al.*, Civ. No. 12-00007 DAE-KSC, (D. Haw. July 31, 2012); *DOE v. Ria L. et al.*, Civ. No. 12-00007 HG-KSC, (D. Haw. Oct. 30, 2012); *DOE v. Ria L., et al.*, Civ. No. 14-00034 DKW-RLP, (D. Haw. Dec. 15, 2014); *DOE v. Ria L., et al.*, Civ. No. 14-00034 DKW-RLP, (D.

Haw. Jan. 27, 2015); *DOE v. Ria L., et al.*, Civ. No. 14-00164 DKW-BMK, (D. Haw. Mar. 31, 2016).

**11.** Plaintiffs are aggrieved by the Administrative Hearings Officer's Decision issued on July 8, 2016 in DOE-SY1011-105RR issued following the United States District Court's remand Orders dated December 15, 2014, January 27, 2015 and March 31, 2016 following the DOE's appeal. It is a final order within the ambit of 20 U.S.C. §1415(i)(2), from which Plaintiffs timely appealed. Plaintiffs seek the review and reversal of the Decision. Plaintiffs allege the Decision is not well-reasoned and entitled to no deference; the Decision must be reviewed *de novo.*

**12.** The AHO erred in dismissing the parent's claims and hearing request as moot.

**13.** The Decision is erroneous as a matter of law and is unsupported by the the evidence presented.

**14.** The Decision dismissing Plaintiffs' Due Process hearing Request as moot is erroneous as a matter of law.

**15.** The Decision is erroneous in concluding that a comprehensive evaluation of Ria L. was done. The neuropsychological assessment done by Dr. Tyson at parent's request that the AHO relies on in supporting his conclusion was done before the original hearing in 2011. Plaintiffs explicitly requested an Order

for a comprehensive evaluation following the administrative proceeding in the Request for Impartial Hearing.

16. The Decision is legally and factually erroneous because it does not consider that the neuropsychological assessment done by Dr. Tyson addressed cognitive and academic status and did not evaluate Ria's other needs, including mental health needs, assistive technology, occupational therapy and physical therapy needs after suffering abuse at Kipapa Elementary School. The evaluation was not comprehensive, therefore. The remedy of a comprehensive evaluation remains alive.

17. The Decision is legally and factually erroneous in finding that the FAPE question and placement are not live controversies as part of the DOE's appeal.

18. The Decision is legally and factually erroneous for failing to find that the abuse allegations and corresponding remedies are not live controversies.

19. The Decision is legally and factually erroneous in concluding that stay-put had lapsed.

20. The Decision is legally and factually erroneous because it does not address the mootness exceptions.

21. The Decision is legally and factually erroneous for failing to find that mootness exceptions apply.

**22.** The Decision is legally and factually erroneous because it does not address that the DOE has not paid all of the tuition reimbursement incurred during the relevant time period as sought by Petitioners. The issue of tuition reimbursement remains alive and demonstrates that a live controversy exists and the requested remedy remains available.

**23.** The Decision is erroneous in finding that tuition reimbursement and remedy are not live controversies.

**24.** The evidence presented at hearing does not support the Hearings Officer's Decision.

**25.** The AHO erred in failing to address that under the unique circumstances of this case where the previous administrative officer retired, the original remand order dated December 15, 2014 could not be addressed because credibility findings that established that RIA was denied a FAPE pursuant to her February 25, 2009 and February 18, 2010 IEPs could not be redetermined.

**26.** The Decision is legally and factually erroneous for failing to consider the requested relief.

**27.** The Decision is legally and factually erroneous for denying that Plaintiffs have a personal stake remaining in the lawsuit.

**28.** The Decision is legally and factually erroneous in concluding that no further relief can be ordered.

**29.**     The law and facts demonstrate that Defendant's conduct denied Ria a FAPE. Thus, the Decision must be vacated and reversed.

WHEREFORE, Plaintiffs pray that this court:

**1.**     Assume jurisdiction over this case;

**2.**     Receive the records of the administrative proceeding described above; receive additional evidence at the Request of Plaintiffs; Reverse the AHO's Decision denying the case as moot and remand the matter dated March 31, 2016 in Civ. No. 15-00164 DKW-RLP to the hearings officer to determine (1) whether the allegations of abuse in the due process hearing request resulted in the denial of FAPE, and (2) if so, the appropriate remedy for such denial. Alternatively, Plaintiffs request that the Court vacate the January 27, 2015 Remand Order that was issued as a result of the previous Hearings Officer's (Ms. Haunani Alm) retirement in order to put the matter before a new Hearings Officer;

**3.**     Grant such relief as the court determines is appropriate; and

**4.**     Find that Plaintiffs are the prevailing parties;

**5.**     Enter an award of the fees and costs incurred in prosecuting this case before both the United States District Court and at the Administrative level.

DATED: Honolulu, Hawaii, August 8, 2016.

/S/ Susan K. Dorsey

_____
SUSAN K. DORSEY
Attorney for Plaintiffs